Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| GLOBAL MECHANIC SERVICES, INC.<br><br>Recurrente<br><br>V.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MAYAGÜEZ, DIESEL ENGINE TECHNICIAN, INC.<br><br>Recurridos | TA2026RA00293 | *Revisión de Decisión Administrativa* procedente del Municipio Autónomo de Mayagüez<br><br>Subasta Núm.: 2026-026<br><br>Sobre: Impugnación de Subasta - Reparación y Mantenimiento de Plantas Eléctricas y Torres de Luz |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1]

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2026.

El 1ro de junio de 2026, compareció ante este Tribunal de Apelaciones, Global Mechanic Services, Inc. (en adelante, Global o parte recurrente), mediante *Recurso de Revisión Judicial*. Por medio de este, nos solicita que revisemos la *Notificación de Acuerdo o Determinación Final sobre Subasta Núm. 2026-026*, emitida y notificada el 22 de mayo de 2026, por la Junta de Subastas del Municipio de Mayagüez (en adelante, Junta de Subastas o parte recurrida). En virtud de esta, la Junta de Subastas adjudicó la subasta a favor de la compañía Diesel Engine Technician, Inc.

Por los fundamentos que adelante se esbozan, se *desestima* el recurso de epígrafe, por falta de jurisdicción al convertirse en académico.

---

[1] DJ 2025-063C, 26 de mayo de 2026.

**I**

Conforme surge del expediente, la División de Subastas del Municipio Autónomo de Mayagüez, publicó un *Aviso Público Solicitud de Subasta Año Fiscal 2025-2026* (en adelante, *Aviso*). En específico, el *Aviso* anunció la *Subasta Núm. 2026-026*, cuyo propósito era adquirir servicios de reparación y mantenimiento de plantas eléctricas y torres de luz en dependencias municipales. El *Aviso* estableció que, la fecha y hora de la reunión pre-subasta compulsoria sería el 13 de febrero de 2026 a las 8:40 am. Mientras, la fecha límite para presentar propuestas y la hora de celebración, sería el 20 de marzo de 2026 a las 11:00 am. Según se desprende del aludido *Aviso*, los licitadores interesados podían obtener los pliegos en la División de Subasta del Municipio de Mayagüez, en horas laborables de 8:00 am a 12:00 pm, y 1:00 pm a 4:00 pm, a partir de la publicación del aviso. El *Aviso* apercibió a los posibles licitadores que el incumplimiento en la presentación de cualquiera de los documentos en el pliego de condiciones y especificaciones, requisitos obligatorios para participar en el proceso de subasta, sería motivo para la descalificación de la oferta presentada, por parte de la Junta de Subastas. Asimismo, advirtió que, los licitadores debían cumplir con todas las reglamentaciones federales y contar con un número UEI y estar registrado en SAM.GOV.

Así las cosas, el 22 de mayo de 2026, fue emitida la *Notificación de Acuerdo o Determinación Final Sobre la Subasta Núm. 2026-026 Reparación y Mantenimiento de Plantas Eléctricas y Torres de Luz* (*Notificación*). De acuerdo con la *Notificación*, el 20 de marzo de 2026, se celebró la apertura de la *Subasta Núm. 2026-026*, a la que comparecieron tres licitadores, a saber: Global Mechanic Services, Inc., Diesel Engine Technician, Inc. y Preventive Maintenance Service for Generator, Inc. (PSM, Inc.). La Junta de Subastas evaluó las ofertas económicas de los licitadores, y el

cumplimiento de los requisitos mínimos de elegibilidad. Entre estos requisitos se encuentran los siguientes:

1. Postor que cumple con las especificaciones y requisitos
2. Mejor postor
3. Precio Razonable
4. Experiencia
5. Beneficio del interés público

En la *Notificación*, la Junta de Subastas realizó un resumen y análisis de las tres propuestas presentadas por los licitadores. En cuanto a la propuesta de la aquí recurrente, la Junta de Subasta resumió y determinó lo siguiente:

> La compañía Global Mechanic Services, Inc. presentó dos propuestas de mantenimiento preventivo: una con facturación trimestral y otra mensual; sin embargo, ambas reflejan el mismo costo total. Debido a que los demás licitadores sometieron sus propuestas bajo una modalidad trimestral y, en aras de mantener la igualdad de condiciones entre todos los participantes, las ofertas fueron evaluadas tomando como referencia el mantenimiento preventivo trimestral.

> Como resultado de dicha evaluación, entendemos que la propuesta presentada por Global Mechanic Services, Inc. refleja un precio considerablemente bajo, por lo que la consideramos irrazonable, ya que entendemos que no es sustentable. Aunque la compañía presentó un margen de ganancia de un cinco por ciento (5%) en piezas, entendemos que estas no necesariamente serán requeridas de manera recurrente, por lo que dicho criterio no representa el elemento de mayor peso dentro de la evaluación. En cuanto a los costos de servicio técnico, la compañía cotizó visitas del técnico por día en la cantidad de $960.00 y por hora en $120.00, costos que exceden los presentados por otros licitadores participantes.

> Respecto a la propuesta del licitador al que le adjudicaron la buena pro, es decir, Diesel Engine Technician, Inc., la Junta de Subastas describió lo siguiente:

> Por otra parte, la compañía Diesel Engine Technician, Inc. presentó precios razonables en el mantenimiento preventivo. Asimismo, aunque presentó un margen de ganancia de quince por ciento (15%) en piezas, entendemos igualmente que las piezas no necesariamente serán requeridas con frecuencia, por lo que el análisis principal se concentró en los costos de servicio técnico.

> En ese aspecto, Diesel Engine Technician, Inc. presentó costos de visita técnica de $85.00 por hora y $680.00

por día, siendo estos los más bajos entre los licitadores evaluados. Además, su propuesta fue considerada la más completa, beneficiosa y conveniente para el Municipio y para el interés público.

Por consiguiente, esta Junta recomienda adjudicar la buena pro a la compañía Diesel Engine Technician, Inc., por entender que su propuesta cumple con los criterios de razonabilidad, economía y conveniencia establecidos para este proceso de licitación.

En la misma notificación, se les apercibió a los licitadores lo siguiente:

Cabe señalar que, conforme a las disposiciones del Código Municipal de Puerto Rico y a los principios rectores del Reglamento de Subastas del Municipio, la adjudicación de una subasta no necesariamente recaerá en el licitador que presente el precio más bajo, sino en aquella propuesta que resulte más responsiva y responsable, tomando en consideración factores tales como la conveniencia para el interés público, la razonabilidad de los costos, la capacidad del licitador, la calidad del servicio ofrecido y el cumplimiento con las especificaciones y condiciones establecidas.

Finalmente, la Junta de Subastas adjudicó la *Subasta Núm. 2026-026* a Diesel Engine Technician, Inc., por esta ser la más conveniente, responsiva y beneficiosa para el Municipio, y al cumplir adecuadamente con los criterios de economía, razonabilidad y protección del interés público.

En desacuerdo, la parte recurrente acudió ante este foro revisor mediante el recurso de epígrafe, donde esbozó los siguientes señalamientos de error:

**Primer error:** Erró la Junta de Subastas al apartarse, sin justificación válida, del criterio de adjudicación que su propio pliego fijó, el costo total de todos los equipos (Condición 1) y del mandato del Artículo 2.040 del Código Municipal de adjudicar "a favor del postor razonable más bajo", al descartar la oferta de Global Mechanic, conforme a ese criterio, y adjudicar a Diesel Engine Technician, Inc. con base en un factor secundario (los costos de servicio técnico) que el pliego no estableció como base de adjudicación.

**Segundo error:** Erró la Junta de Subastas al rechazar la oferta de Global Mechanic calificándola de "irrazonable" y "no sustentable", de forma conclusoria, sin base fáctica ni evidencia sustancial que la sostenga, y de manera arbitraria, caprichosa e irrazonable.

Junto al recurso de marras, la parte recurrente presentó *Solicitud de Orden Provisional en Auxilio de Jurisdicción*. Por medio de esta nos solicitó que ordenáramos a la Junta de Subastas paralizar los procedimientos de la *Subasta Núm. 2026-026*, hasta tanto se resolviera el recurso.

Mediante *Resolución* emitida el 2 de junio de 2026, le concedimos a la parte recurrida hasta el miércoles 17 de junio de 2026, para exponer su posición en torno a la *Solicitud de Orden Provisional en Auxilio de Jurisdicción* y al recurso de epígrafe. Le apercibimos que, transcurrido dicho término, se tendría el recurso por perfeccionado para su adjudicación final.

El 12 de unió de 2026, compareció el Municipio mediante *Moción Anunciando Representación Legal*. Atendida la misma, se aceptan a los licenciados Simone Cataldi Malpica y Sofía V. Rico Maldonado, del Bufete Aldarondo & López Bras, LLC como los representantes legales del Municipio. Tome nota Secretaría.

El 17 de junio de 2026, el Municipio presentó *Moción en Solicitud de Desestimación por Falta de Jurisdicción por Razón de Academicidad*.

**II**

**A. Jurisdicción**

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power. Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[2] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos

---

[2] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[3] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020).[4]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones[5], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Academicidad

Como es sabido, los tribunales revisores solo podremos resolver los casos que sean justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Buxó Santiago v. ELA et als.*, 2024 TSPR 130, 215 DPR ___ (2024).[6] La doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función

---

[3] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[4] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

[5] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

[6] Véase también *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011).

revisora de los tribunales, fijando la jurisdicción de estos. Dicha doctrina nace del principio elemental de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas, que tienen un interés real en obtener un remedio judicial que haya de afectar sus relaciones jurídicas. Esto es, para el ejercicio válido del poder judicial se requiere la existencia de un caso o controversia real. *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007); *Bhatia Gautier v. Gobernador*, supra, pág. 68; *Buxó Santiago v. ELA et als.* supra. Según lo dispuesto por nuestro Máximo Foro, una controversia no es justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva; o (5) se intenta promover un pleito que no está maduro. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Bhatia Gautier v. Gobernador*, supra, págs. 68-69.

Una de las manifestaciones concretas del principio de justiciabilidad es la doctrina de academicidad. *Smyth, Puig v. Oriental Bank*, supra, pág. 78. Sobre el particular, nuestro más Alto Foro ha reconocido que los tribunales pierden su jurisdicción sobre una controversia cuando, durante el trámite judicial, ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución. Esto es, el foro judicial no puede entender sobre un caso que ha perdido su condición de controversia viva y presente en atención a los cambios fácticos o de derecho acaecidos en el transcurso del tiempo. *Pueblo v. Pagán Medina*, 177 DPR 842, 844 (2010); *Buxó Santiago v. ELA et als.* supra; *Super Asphalt v. AFI y otros*, supra, pág. 816. Asimismo, deberán ser evaluados los eventos anteriores, próximos y futuros, a los fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. *Íd.*

Una vez se determina que ha desaparecido el carácter adversativo entre los intereses de las partes involucradas, los tribunales pierden su jurisdicción en el pleito y, por tanto, deben abstenerse de considerar el caso en sus méritos. Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos. (Citas omitidas). *Smyth, Puig v. Oriental Bank,* supra, pág. 78. Véase *Super Asphalt v. AFI y otro,* supra, pág. 816.

Sin embargo, existen varias excepciones a la doctrina de academicidad: a saber, cuando se plantea una cuestión recurrente y que por su naturaleza evade o se hace muy difícil la adjudicación ante los tribunales; en aquellos casos en que la propia demandante termina voluntariamente su conducta ilegal; si la situación de hechos ha sido modificada por el demandado, pero no tiene visos de permanencia; en los casos en que el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma; o aquellos casos que aparentan ser académicos, pero que en realidad no lo son por sus consecuencias colaterales. *El Vocero v. Junta de Planificación,* 121 D.P.R.115 (1988); *Smyth, Puig v. Oriental Bank,* supra, pág. 78.

Como corolario de lo anterior, la Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones expone lo siguiente:

> (B)   Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> [. . . . . . . .]
>
> (5) Que el recurso se ha convertido en académico.
>
> (C)   El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[7]

---

[7] Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, la Junta de Subastas incidió al apartarse, sin justificación válida del criterio de adjudicación fijado en el pliego respecto al costo total de todos los equipos, y del mandato del Artículo 2.040 del Código Municipal, de adjudicar "a favor del postor razonable más bajo".

Como segundo señalamiento de error, la parte recurrente arguye que, la Junta de Subastas erró al rechazar la oferta de Global Mechanic y al calificarla como "irrazonable" y "no sustentable", de forma conclusoria, sin base fáctica ni evidencia sustancial que la sostenga, y de manera arbitraria, caprichosa e irrazonable.

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

La parte recurrente nos solicita que revisemos la *Notificación de Acuerdo o Determinación Final Sobre la Subasta Núm. 2026-026 Reparación y Mantenimiento de Plantas Eléctricas y Torres de Luz* emitida por la Junta de Subastas el 22 de mayo de 2026. Mediante esta, la Junta de Subastas adjudicó la *Subasta Núm. 2026-026* a favor de Diesel Engine Technician, Inc.

Sin embargo, el 17 de junio de 2026, el Municipio de Mayagüez presentó *Moción en Solicitud de Desestimación por Falta de Jurisdicción por Razón de Academicidad*. Mediante la aludida moción, el Municipio trajo ante nuestra atención que, la División de Subastas emitió una notificación en cuanto a la impugnación de la subasta. Según surge de la aludida notificación, la Junta de Subastas determinó dejar sin efecto la *Notificación de Adjudicación*

*de Subasta* y expresó que volverá a evaluar las ofertas para determinar cuál es más conveniente para los intereses del Municipio.

De acuerdo con el derecho reseñado, los tribunales revisores sólo podemos resolver los casos que sean justiciables.[8] Una controversia no es justiciable cuando se torna académica. En lo pertinente, nuestra última instancia judicial ha reconocido que, los tribunales pierden su jurisdicción sobre una controversia cuando, durante el trámite judicial, ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución.[9] Los tribunales no pueden entender sobre un caso que ha perdido su condición de controversia viva y presente en atención a los cambios fácticos o de derecho acaecidos en el transcurso del tiempo. En tales casos, la Regla 83(B)(5) y (C) del Reglamento de esta Curia, dispone que, una parte puede solicitar la desestimación de un recurso, o *motu proprio*, el Tribunal podrá desestimar el mismo por falta de jurisdicción.[10]

Dado a que el recurso de epígrafe se tornó académico, carecemos de jurisdicción para atenderlo. Reiteramos que, cuando un tribunal carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos.[11]

**IV**

Por los fundamentos que anteceden, se *desestima* el recurso de epígrafe.

Notifíquese.

---

[8] *Super Asphalt v. AFI y otros*, supra, pág. 815; *Aponte Rosario et al. v. Pres. CEE II*, supra; *Bhatia Gautier v. Gobernador*, supra, pág. 68; *Asoc. Fotoperiodistas v. Rivera Schatz*, supra, pág. 932.

[9] *Super Asphalt v. AFI y otros*, supra, pág. 816; *Bhatia Gautier v. Gobernador*, supra, pág. 73.

[10] Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

[11] *Allied Management Group, Inc. v Oriental Bank*, supra, págs. 386-387; *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, supra, supra, 268; *Suffront v. A.A.A.*, supra, pág. 674.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones